UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAEVON TERRELL PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:25-cv-00316-JAR |
| | ) |
| DOUGLAS BURRIS, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 and motion for leave to proceed in forma pauperis. The Court will grant Petitioner leave to proceed in forma pauperis and deny the Petition and deny as moot Petitioner's remaining motions.

### Background

Petitioner identifies himself as a pretrial detainee in the matter *State v. Raevon Terrell Parker*, No. 2322-CR02340-01 (22nd Jud. Cir. 2023), and he states he is currently in the custody of the Missouri Department of Mental Health. According to the public records published on Missouri Case.net, Petitioner is charged with two counts of first-degree assault, and two counts of armed criminal action. The case is currently suspended pending a mental evaluation, and a status conference is set for July 22, 2025. This Court takes judicial notice of those public Missouri state court records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

In the instant Petition, Petitioner sets forth four grounds for relief. In Ground One, Petitioner writes "Double Jeopardy. Subjected to civil and criminal proceedings with no

convictions." (ECF No. 1 at 6). In Ground Two, Petitioner writes: "Impartial Judge and Jury. Mental evaluators w[]ere biased and dec[ei]tful in nature of contact." *Id.* In Ground Three, Petitioner writes: "No Pending Criminal Charges. The reason for the mental evaluation was because of criminal charges which are no longer pending." *Id.* In Ground Four, Petitioner claims that electronic evidence was withheld from him. Petitioner does not seek to compel a trial in Missouri state court.

Petitioner indicates that he previously raised his claims in this United States District Court in the matters *Parker v. State of Missouri*, 4:24-cv-01361-JSD (E.D. Mo. Nov. 19, 2024); *Parker v. State of Missouri*, 4:24-cv-01456-SEP (E.D. Mo. May 29, 2024); *Parker v. State of Missouri*, 4:24-cv-01464-SRW (E.D. Mo. Nov. 5, 2024); *Parker v. State of Missouri*, 4:24-cv-01468-MTS (E.D. Mo. Feb. 11, 2025); and *Parker v. Collins*, No. 4:25-cv-00057-NCC (E.D. Mo. Mar. 7, 2025). Petitioner claims those matters are currently pending, but they were all dismissed after Petitioner failed to comply with court orders. Petitioner does not claim to have raised his claims in state court, and independent review of Missouri state court records shows no such cases.

As relief, Petitioner seeks immediate release from custody, return of all seized property, and damages of $5 million.

**Discussion**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Having reviewed the

Petition pursuant to Rule 4, the Court finds it plainly appears that Petitioner is not entitled to relief, and will therefore summarily dismiss the Petition.

Generally, a state pretrial detainee can petition for federal habeas corpus relief under 28 U.S.C. § 2241(c)(3). *See Sacco v. Falke,* 649 F.2d 634, 635 (8th Cir. 1981), *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). Section 2241 does not impose an exhaustion requirement, but federal courts have held that petitioners are ordinarily required to exhaust state remedies before seeking federal relief. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973) and *Sacco,* 649 F.2d at 635-36. If the issues raised in the petition can be resolved either by trial on the merits in the state court or other available state procedures, federal relief is unavailable. *Id.* A petitioner can avoid exhausting state remedies by demonstrating special circumstances. *See Braden*, 410 U.S. at 489.

Here, Petitioner states he was subjected to double jeopardy, but his allegations do not establish that double jeopardy is at issue. Petitioner also claims he is being detained even though there are no pending criminal charges against him. However, as noted above, the relevant Missouri state court records show that Petitioner has been charged with two counts of first-degree assault and two counts of armed criminal action, and they show that those charges remain pending. Petitioner's remaining claims can be raised in state court. Petitioner has not demonstrated, and independent review does not show, that he has exhausted state remedies as to any claim he can be understood to assert. And Petitioner alleges nothing that would establish any special circumstances that would obviate the exhaustion requirement. Petitioner is therefore not entitled to relief under § 2241. *See Braden,* 410 U.S. at 489-92. To the extent Petitioner seeks monetary relief, such relief is not available in this action. *See Miller v. Nohe*, 740 F. App'x 381, 382 (4th Cir. 2018) (per curiam).

For the foregoing reasons, the Court finds that it plainly appears Petitioner is not entitled to relief, and summarily dismisses the Petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Petitioner's remaining motions will be denied as moot. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion seeking leave to file a motion for default judgment (ECF No. 11) and his motion asking this Court to set a trial in this 28 U.S.C. § 2241 action (ECF No. 12) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c).

Dated this 27th day of June, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE